GLADNEY, Judge.
This appeal was perfected by Mrs. Wilma Holcomb Crain from a judgment denying a separation from her husband Eros C. Crain. Her action was based on abandonment, cruel treatment and habitual intemperance. After joining issue and generally denying the allegations of plaintiff’s petition, the husband filed a reconventional demand for a separation, alleging abandonment, in that the wife had failed to follow him to his new place of residence. The decision of the trial court in rejecting the demands of both parties held that neither had proven a case by a preponderance of the evidence.
Mr. and Mrs. Crain were married in Nacogdoches, Texas, on July 25, 1945, and, since moving to Shreveport during the year 1949, maintained a matrimonial domicile until February of 1964 when Crain, having obtained employment as the manager of Insulators South, Inc. at Slidell, Louisiana, prepared to move his family. In furtherance of this plan, he made arrangements to sell his Shreveport home, but reserved occupancy by Mrs. Crain and their two children, Patricia and Rebecca, ages eleven and fourteen respectively, until the end of the school term in June. When the husband left to assume the duties of his new job and to establish a home in Slidell his departure seemingly did not meet with the disapproval of Mrs. Crain. Subsequently, Mrs. Crain apparently changed her mind and instituted this action.
*211 The record is largely made up of instances of minor quarrels which, occurred between the husband and wife but which were followed by reconciliation. Plaintiff’s alleged grounds for separation rests upon her testimony entirely and is uncorroborated. On the other hand, the denials of the husband are affirmed to some extent by friends personally acquainted with the family life of the Crains. Mrs. Crain has failed to establish any of the grounds upon which separation is sought. Such was the finding of the trial judge and, we are in full accord with his decision.
Counsel for appellant has objected to the following provision which was inserted in the judgment under our review:
“ * * * reserving unto him, however, the right to institute a proceeding for separation from bed and board should his wife fail to join him in a suitable dwelling provided for the family subsequent to June 1, 1964. * * * ”
We concur in appellant’s position that this reservation is without legal effect. Counsel for appellee in recognition thereof states in their brief:
“The retention of the language in the decree could not possibly amount to a decision of a subsequent suit for separation from bed and board. * * ”
It, therefore, will be appropriate to amend the judgment by deleting therefrom the clause in controversy. For the reasons herein set forth the judgment from which appealed is amended by deleting therefrom the following words:
“ * * * reserving unto him, however, the right to institute a proceeding for separation from bed and board should his wife fail to join him in a suitable dwelling provided for the family subsequent to June 1, 1964. * * * ”
As so amended the judgment is affirmed and recast to read:
It is ordered, adjudged and decreed that on the main demand there be judgment rendered herein in favor of the defendant, Eros C. Crain, and against the plaintiff, Wilma Holcomb Crain, rejecting the demands of the plaintiff and dismissing this suit.
It is further ordered, adjudged and decreed that on the reconventional demand of Eros C. Crain there be judgment rendered herein in favor of Wilma Holcomb Crain and against Eros C. Crain, rejecting his demands and dismissing the reconventional demand.